UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN K. LEMMON,

    Plaintiff,

v.                                      Case No. 1:13-cv-482
                                         Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                               /

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff was born on July 3, 1953 (AR 166).[1] She alleged a disability onset date of November 30, 2003 (AR 166). Plaintiff completed one year of college, with previous employment as a sales clerk, computer data entry, cashier and bakery/deli clerk (AR 58-59, 172). She identified her disabling conditions as Lupus, trigeminal neuralgia, migraines, arthritis, alopecia, Reynolds Syndrome, fibromyalgia, pituitary tumor and jaw pain (AR 171). The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on March 16, 2012 (AR 37-47). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that she suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve months.  *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff last met the insured requirements of the Social Security Act on December 31, 2008 (AR 39).  Plaintiff had not engaged in substantial gainful activity during the period from her

alleged onset date of November 30, 2003 through her last insured date of December 31, 2008 (AR 39). At the second step, the ALJ found that through the date last insured, plaintiff had the following severe impairments: occipital neuralgia; history of surgery for temporomandibular joint disorder; migraine headaches; fibromyalgia; right shoulder dysfunction; and depression (AR 39). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 40). Specifically, plaintiff did not meet the requirements of Listings 1.02 (major dysfunction of a joint) or 12.04 (affective disorders) (AR 40-41).

The ALJ decided at the fourth step that:

> [T]hrough the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the ability to occasionally lift / carry 20 pounds and frequently lift / carry 10 pounds. The claimant was able to stand / walk up to 6 hours in an 8-hour period and sit up to 6 hours in an 8-hour period. The claimant had unlimited ability to push and / or pull (including operation of hand and / or foot controls). The claimant was limited to work involving only occasional climbing of ramps / stairs, no climbing of ladders / ropes / scaffolds, and only occasional balancing, stooping, kneeling, crouching or crawling. The claimant was limited to only occasional overhead reaching with the light upper extremity. The claimant was limited to work involving no concentrated exposure to extreme cold, heat or humidity and work involving no exposure to hazards or work at unprotected heights. Due to some symptoms of depression the claimant was limited to unskilled work activity.

(AR 41-42).

The ALJ also found that through the date last insured, plaintiff was capable of performing her past relevant work as a cashier, which involved unskilled work at the medium exertional level (AR 46-47). This work did not require the performance of work related activities precluded by plaintiff's residual functional capacity (RFC) (AR 46-47). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from

November 30, 2003 (the alleged onset date) through December 31, 2008 (the date last insured) (AR 47).

### III. ANALYSIS

Plaintiff raised one issue on appeal:

**Did the ALJ err by failing to properly apply the treating physician rule and weight the medical opinion evidence of record in compliance with 20 C.F.R. § 404.1527?**

Plaintiff contends that the ALJ failed to give controlling weight to her treating pain specialist, Ramin Rahimi, D.O. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Case 1:13-cv-00482-HWB   ECF No. 22 filed 09/23/14   PageID.786   Page 6 of 9

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Plaintiff points to Dr. Rahimi's November 11, 2010 "physical capacities assessment" which stated that plaintiff is limited by tension headaches, cervicalgia, occipital neuralgia, and neck pain. (AR 447-48). In his assessment, Dr. Rahimi stated that, due to these impairments, plaintiff could "never" squat, crawl, or kneel or lift up to 25 pounds; "sometimes" (defined as 1-2 hours in an 8-hour workday) stand, walk, lift up to 25 pounds, bend, reach over shoulder, grasp, push, pull, stair climb, or climb; and "frequently" (defined as 6 out of 8 hours) sit (AR 447). Dr. Rahimi checked the "yes" boxes on the form indicating that if plaintiff were required to work 8 hours per day, 40 hours per week, in a competitive work environment, she would: need a sit-stand option; have serious limitations as to pace and concentration; likely miss 3 days or more of work and be tardy 3 days or more per month; be best-suited for part-time work, as opposed to full-time work, which would not accommodate her limitations; and need breaks from work as symptoms dictate (AR 447-48).

The ALJ addressed Dr. Rahimi's opinion as follows:

>       Dr. Rahimi completed a residual functional capacity assessment dated November 11,2010 (Ex. 7F, P. 3), and concluded the claimant could sit up to 6 hours and stand/walk 1-2 hours in an 8 hour period and could never squat, crawl or kneel. The undersigned notes this form was completed in 2010, which was after the claimant's date last insured. Dr. Rahimi finds the limitations existed since November of 2000, but this is not supported by the objective medical record as set forth above and also inconsistent with the claimant's reported activities during the years at issue, including the performance of SGA [substantial gainful activity] in 2003. Based on the foregoing, this form is given little weight.

(AR 45).

The ALJ's decision is supported by plaintiff's medical history and other evidence during the relevant time period (November 30, 2003 through December 31, 2008). Dr. Rahimi's opinion was given in November 2010, nearly two years after plaintiff's last insured date. "[I]nsured status is a requirement for an award of disability insurance benefits." *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir.1984). Since plaintiff's insured status for purposes of receiving DIB expired on December 31,2008, she cannot be found disabled unless he can establish that a disability existed on or before that date. *Id.* "Evidence relating to a later time period is only minimally probative." *Jones v. Commissioner of Social Security*, No. 96–2173, 1997 WL 413641 at *1 (6th Cir. July 17, 1997), citing *Siterlet v. Secretary of Health & Human Services*, 823 F.2d 918, 920 (6th Cir. 1987) (where doctor examined the claimant approximately eight months after the claimant's insured status expired, the doctor's report was only "minimally probative" of the claimant's condition for purposes of a DIB claim). Evidence of a claimant's medical condition after the last insured date is only considered to the extent it illuminates that condition before the expiration of the claimant's insured status. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir.1988).

While Dr. Rahimi opined that plaintiff was effectively unable to perform any work since November 2000, the ALJ noted that plaintiff engaged in substantial gainful activity in 2003

7

(AR 39). In addition, the ALJ's decision discussed plaintiff's daily activities which were inconsistent with the extreme limitations which Dr. Rahimi found to have existed during the 10 years preceding the issuance of his assessment:

> Despite the claimant's allegations of disabling symptoms, she was the sole caregiver for her mother who had Alzheimer's as well as two young grandchildren during the time at issue (Ex. 3F). She has been able to work part-time as well as at SGA level in 2003. She has been able to go on vacation at least once with her husband. The undersigned finds these activities inconsistent with the claimant's allegations of constant, severe disabling pain.
>
> \* \* \*
>
> The claimant was seen for a health coach visit on October 8, 2007 (Ex. 3F, P. 48). She reported providing daycare for two 3-year olds and her ailing mother. She had discontinued Prozac and wanted to continue counseling. She was advised to follow-up with her primary care physician. She was doing aerobic activity 3-4 times per week (Ex. 3F, P. 53).
>
> The claimant sought treatment for headache on December 21, 2007 (Ex. 3F, P. 46). She reported daily headache and episodes of head pain. She was sole caregiver for her mother who had Alzheimer's as well as taking care of toddler grandchildren. She reported the daily headaches had been manageable but not the head pain. She was started on Prozac.
>
> The claimant was seen for follow-up on February 12, 2008 (Ex. 3F, P. 40). She was doing better on Lyrica and Prozac. She was the caretaker for her mother who had Alzheimer's and also watched her grandchildren, which both required a lot of time. She was looking forward to a vacation. During her visit with her health coach she reported she and her husband were going to a casino to celebrate his birthday (Ex. 3F, p. 42).
>
> The claimant was seen for health coach visit on March 11, 2008 (Ex. 3F, P. 37). She reported she and her husband had a good time on vacation. She was babysitting one grandchild.
>
> The claimant was seen for follow-up of depression on April 8, 2008 (Ex. 3F, P. 34). She was having issues regarding care for her elderly mother and continued to act as her mother's caregiver. The claimant was advised to follow-up with health coach and she indicated she did not have time.

(AR 43-44).

An ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments. *Walters*, 127 F.3d at 532. While plaintiff may not have engaged vigorously in all of these activities, such endeavors are not indicative of an invalid, incapable of performing her past relevant work as a cashier. *See, e.g., Pasco v. Commissioner of Social Security*, 137 Fed. Appx. 828, 846 (6th Cir. 2005) (substantial evidence supported finding that plaintiff was not disabled where plaintiff could "engage in daily activities such as housekeeping, doing laundry, and maintaining a neat, attractive appearance" and could "engage in reading and playing cards on a regular basis, both of which require some concentration") (footnote omitted); *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993) (a claimant's ability to perform household and social activities on a daily basis is contrary to a finding of disability); *Gist v. Secretary of Health and Human Services*, 736 F.2d 352, 358 (6th Cir. 1984) (a claimant's capacity to perform daily activities on a regular basis will militate against a finding of disability). The ALJ did not err in evaluating Dr. Rahimi's November 11, 2010 opinion and gave good reasons for assigning little weight to it. Plaintiff's claim of error will be denied.

### IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: September 23, 2014 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge